## S90A0153. STEPHENS v. THE STATE.
(388 SE2d 519)

CLARKE, Chief Justice.

Stephens was convicted of the murder of his common law wife and sentenced to life imprisonment.[1] The evidence showed that Stephens shot his estranged wife through the window of her trailer. She would not open the door to him when he went to investigate the report of a neighbor that she was with another man. At trial he said, "I don't know what happened . . . the first thing that I knowed I had done shot her and I didn't aim or nothing, I just shot."

The enumerations of error concern the disqualification of a juror who said she was defendant's cousin, the chain of custody of blood and bullets removed at the autopsy, the introduction into evidence of a photograph of the victim's nude body with three bullet holes in it, and the defendant's assertion that the trial court expressed an opinion as to guilt.

1. Reviewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found appellant guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant complains that the trial court erred in excusing a juror who said she was a cousin of appellant without inquiring into the degree of the relationship with appellant. Since appellant did not object at the time the juror was excused, he waived any objection. *Blankenship v. State*, 258 Ga. 43 (365 SE2d 265) (1988); Georgia Uniform Rules for the Superior Courts 10.1.

3. In his next enumeration of error appellant contends that there was no chain of custody proven for samples of blood and bullets removed during autopsy from the body of the victim. We have specifically held that when blood samples are handled in a routine manner and nothing in the record raises a suspicion that the blood sought to be admitted is not the blood tested, the blood is admissible and "the circumstances of each case need only establish reasonable assurance of the identity of the sample." *McAllister v. State*, 258 Ga. 795, 796 (375 SE2d 36) (1989). See also *Cunningham v. State*, 255 Ga. 35 (334 SE2d 656) (1985). There was testimony that the blood was routinely handled. There is no indication from the record of any suspicion that the blood tested was not the blood sought to be admitted into evi-

---

[1] The crime was committed on January 1, 1989. Appellant was indicted in March 1989. He was convicted of malice murder and sentenced to life imprisonment July 19, 1989. Appellant filed a notice of appeal September 15, 1989. The transcript was certified October 12, 1989. The appeal was docketed in this court November 2, 1989, and submitted for opinion December 15, 1989.

dence. Therefore, the contention that the blood should not have been admitted is without merit. The same reasoning applies to the chain of custody of the bullets. Where there is a reasonable certainty that the bullets tested and the bullets sought to be introduced are the same, the court did not abuse its discretion in allowing the bullets to be admitted into evidence. *Cook v. State*, 255 Ga. 565 (340 SE2d 891) (1986).

4. Appellant argues that the court expressed an opinion as to his guilt in overruling an objection to a question by the district attorney. After the district attorney asked the appellant if he was telling the jury that he walked over to the victim's trailer, and the appellant had replied "yes," the district attorney then asked "You walked over there by yourself?" The appellant again replied "yes." At this point appellant's counsel objected that the district attorney was putting words in his mouth. The court overruled the objection, saying that the district attorney had a right to make some corrections. Not only was the court's remark harmless, but the appellant did not object or move for mistrial. The appellant's failure to object or move for mistrial results in a waiver of the objection. OCGA § 17-8-57.

5. Appellant complains that the court's giving a pattern charge on premeditation in which he said

[n]o particular length of time is required for malice to be generated in the mind of the slayer. It may be formed in a moment and instantly a mortal wound may be inflicted; yet malice in the mind of the slayer at the time of the doing of the act of killing and moves him to do it, such is sufficient to constitute the homicide as murder.

Appellant insists that the use of the word "slayer" amounted to an expression of opinion by the court as to appellant's guilt. We do not agree. This charge is almost verbatim the charge approved by this court in *Wright v. State*, 255 Ga. 109 (335 SE2d 857) (1985). We find no error.[2]

6. There was no error in the trial court's admitting into evidence a photograph of the victim which showed her nude body with three bullet holes in it. The photograph was relevant to the issues of identity of the victim and the cause of death. "Photographs which are material and relevant to any issue are admissible even though they

---

[2] We recognize that the word "slayer" correctly describes a person who commits justifiable homicide as well as one who commits murder. We do believe, however, that in some circumstances the term could be misunderstood. While the use of the word in the charge here could not have resulted in a mistaken verdict, the possibility for error in another case remains. Therefore, we recommend that the Pattern Charge Committee delete the word "slayer" and incorporate a word of similar import.

may be duplicative and inflame the jury." *Goss v. State*, 255 Ga. 678, 680 (341 SE2d 448) (1986). See also *Ramey v. State*, 250 Ga. 455 (298 SE2d 503) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 15, 1990.

*John W. Knight,* for appellant.

*Britt R. Priddy, District Attorney, John L. Tracy, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.