## A91A2177. HENDERSON v. THE STATE.
(417 SE2d 413)

JOHNSON, Judge.

Frank Henderson (Henderson) appeals from his conviction for aggravated assault and the denial of his motion for a new trial.

Henderson and Reynardo Torres (Torres) had a fight in an Atlanta nightclub and were told to leave by the management. Torres and a companion testified that as they were leaving the club, Henderson fired a pistol at them several times. Torres thought Henderson's gun was out of bullets, so he approached Henderson to take the gun away. Henderson then fired one more shot hitting Torres in the neck and paralyzing him from the chest down.

Henderson presented testimony that Torres harassed him inside the club. When Henderson left the club, Torres and two friends were outside and charged at him brandishing knives and a flammable aerosol can with a lighter, prompting Henderson to run back into the club. When Henderson exited the club a second time, Torres and his

friends were still waiting and again rushed at him. Henderson fired three warning shots in the air and ran toward his car. Torres jumped out from behind a car with a knife and Henderson fired another warning shot. Torres kept coming at him, so Henderson "just dropped [his] hand, and [Torres] got shot." Henderson then ran to his car, threw the pistol under the seat and drove away. The police stopped him about two blocks from the club. They found no knife or other weapon on Torres.

1. Henderson first argues that the trial court erred in refusing to give a written request to charge on reckless conduct as a lesser included offense of aggravated assault. This argument is without merit.

Omitting a charge on a lesser included offense is not error absent a written request. *Emmett v. State,* 199 Ga. App. 650, 651 (2) (405 SE2d 707) (1991); *French v. State,* 199 Ga. App. 873, 874 (1) (406 SE2d 526) (1991). Here, the record on appeal contains absolutely no evidence of any written request to charge on reckless conduct. None of the State's written requests to charge is on reckless conduct and the record is devoid of *any* written requests to charge filed by Henderson. Furthermore, the record does not include a transcript of the charge conference.

Henderson alleges in his brief that he submitted a written request to charge on reckless conduct to the trial court and in support thereof, he has attached an affidavit from his trial attorney. However, "a brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. [Cit.] 'We must take our evidence from the record and not from the brief of either party.' [Cit.]" *Cotton States Mut. Ins. Co. v. Bogan,* 194 Ga. App. 824, 826 (392 SE2d 33) (1990). As the record on appeal contains no evidence of a written request, we must conclude that the trial court did not err in omitting a charge on reckless conduct.

Moreover, notwithstanding the paucity of evidence in the record, even if a written request to charge on reckless conduct was submitted, the trial court did not err in refusing it. Henderson mistakenly relies on *Bowers v. State,* 177 Ga. App. 36 (338 SE2d 457) (1985). The case sub judice is instead controlled by *Riley v. State,* 181 Ga. App. 667 (353 SE2d 598) (1987). "In *Bowers,* the charge on reckless conduct was appropriate because the jury was authorized to find that the defendant engaged in target practice with a gun while consciously disregarding the risk to the nearby victim. . . . 'Using a deadly weapon to commit an act *which places another in reasonable apprehension of immediately receiving a violent injury* amounts to an aggravated assault, absent justification. (Cits.) The act testified to by appellant was either justified as an act of self-defense or constituted a felony.' (Emphasis supplied.) [Cit.] The jury was fully and completely instructed on justification. The trial court did not err in refusing to give the re-

quested charge." Id. at 669-670. Here, Henderson presented evidence of, and argued, self-defense. He admitted firing four warning shots and he testified, "I didn't intend to shoot [Torres], but I wanted to stop him." The jury, as in *Riley,* was fully instructed on justification. The trial court did not err in omitting a charge on reckless conduct.

2. Henderson asserts in his second enumeration of error that the facts of the case did not support a jury charge on flight and that the decision in *Renner v. State,* 260 Ga. 515, 518 (3) (397 SE2d 683) (1990), applies to this case. This enumeration is also without merit.

It is undisputed that Henderson shot Torres in the neck, ran to his car and drove from the scene of the shooting until stopped by the police. Under these facts, the jury charge on flight was warranted. "It is for the jury to determine if his sudden departure was due to consciousness of guilt or other reasons." *Lockette v. State,* 181 Ga. App. 649 (1) (353 SE2d 585) (1987).

Further, *Renner,* supra, specifies that it will apply only to cases tried after the date the opinion appeared in the advance sheets of the Georgia Reports. Since this case was tried on July 16 and 17, 1990, prior to publication of the opinion, *Renner* is not applicable. Accordingly, the trial court did not err.

3. In his third enumeration, Henderson contends the trial court erred in admitting into evidence State's Exhibit Two, five empty bullet casings, and State's Exhibit Three, a bullet; and in allowing an expert to testify that these exhibits were fired from Henderson's gun.

" '[O]bjections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived.' " *Deal v. State,* 199 Ga. App. 184, 188 (5) (404 SE2d 343) (1991). In the instant case, when the State moved to introduce Exhibit Two, Henderson objected that the proper foundation had not been laid. The trial judge sustained the objection. The State then offered further testimony to lay a foundation, after which the court admitted Exhibit Two without further objection from Henderson. Since Henderson did not object after the State offered foundation evidence and at the time the exhibit was admitted, he waived any objections.

As to Exhibit Three, " '[t]he circumstances of each case need only establish reasonable assurance of the identity of the sample.' " *Stephens v. State,* 259 Ga. 820 (3) (388 SE2d 519) (1990). Here, the neurosurgeon who operated on Torres testified that Exhibit Three is "compatible with" the bullet he removed from Torres' neck. He further testified that Exhibit Three is labeled with Torres' name, the operating room number where he performed the surgery and the number assigned to the bullet he removed. This testimony establishes with reasonable certainty that Exhibit Three is the bullet removed from Torres. Accordingly, the trial court did not err in admitting it into evidence.

The foregoing conclusions render Henderson's contention that it was error to admit expert testimony as to Exhibits Two and Three moot. Moreover, Henderson waived this objection by not raising it at the time of the testimony. *Deal v. State,* supra.

Finally, even if the trial court did commit error in admitting the exhibits and the expert testimony into evidence, it was harmless in light of Henderson's own testimony that the pistol already introduced was the one with which he shot Torres.

4. Henderson's final enumeration of error is that the physician's testimony as to Torres' prognosis was irrelevant. " '[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.' " *Barnwell v. State,* 197 Ga. App. 116, 118 (5) (397 SE2d 717) (1990). There has been no showing that the trial court abused its discretion in allowing the testimony of the physician and, therefore, we will not disturb its decision.

*Judgment affirmed. Carley, P. J., concurs, and Beasley, J., concurs in Divisions 1, 2, 3, and in judgment only as to Division 4.*

DECIDED MARCH 19, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992.

*Garland & Samuel, Kathleen V. Duffield,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.