## A93A0304. FREEMAN v. THE STATE.
(430 SE2d 867)

Pope, Chief Judge.

James ("Opie") Freeman appeals from his conviction of burglary and rape.

1. Freeman contends that the circumstantial evidence presented at trial was insufficient to support the guilty verdict. The State presented testimony of the victim's daughter Gwen Holmes that the 59-year-old victim had lived with her for about a year since suffering a subdural hematoma which left her partially paralyzed on her right side. Because her mother needed some care and supervision, Holmes would return home from her job at the Claxton Nursing Home during her break to check on her. On the evening of December 20, 1990, Holmes arrived between 8:30 and 9:00 p.m. to find her mother lying next to the defendant on the living room floor beside the sofa, nude from the waist down. There was blood on her mother, the floor and the sofa. She recognized defendant, who was dressed only in pants and socks, and began beating him with a shoe she found on the floor. She asked the defendant what he was doing there and he said the victim "called me here." When Holmes informed the defendant she was notifying the police, he left immediately, leaving the rest of his clothes at the house.

The victim was taken to the hospital emergency room where she was examined by the physician on duty who testified that he found a fractured bone in her left knee and tears, bleeding and lesions in the vaginal area. The victim testified that she was at home alone when she heard someone knock at the door, who she thought was her grandson Kevin Holmes. When she asked if it was Kevin, the person outside said yes and she opened the door. A man, who she was unable to identify, rushed in and hit her, knocking her to the floor. The perpetrator then got on top of her, told her he would kill her if she yelled and raped her. Her leg was injured during the attack. The victim admitted that before she came to live with her daughter she had a drinking problem, but testified that she no longer drank alcoholic beverages. The doctor testified that he did not "smell any spirits" on the victim's breath when he examined her and she did not act inebriated.

Officer Napoleon Howard of the Claxton Police Department was the first to respond to Holmes' call for assistance. After talking to the women he went to defendant's residence and found him "very drunk. Too drunk to even run on the intox machine that night." Defendant was taken to jail and fell asleep "a minute" after he was placed in a cell. Howard returned to the scene of the crime to have Holmes identify the clothing found on the floor and secure the physical evidence. Detective Kerry Blocker testified that he responded to the call and

also went to the hospital to talk to the victim, but never smelled alcohol on the victim or found any evidence of drinking at Holmes' residence.

The 25-year-old defendant, who was unemployed, disabled and taking medication for a nervous condition, testified that the victim called to him from the house as he was returning home from a nearby liquor store and asked him to go get her some liquor. He had already been drinking that day and although he did not know her, he offered to share a full pint bottle of gin with the victim. She agreed and they went inside so nobody would see her, where they sat drinking together from the bottle. Defendant testified he was "about drunk" when he started drinking with the victim and that after 20 or 25 minutes he passed out sitting on the couch, and did not know how he ended up on the floor next to the victim or why the blood was there, but he could not have raped her.

Defendant argues that even when construed in the light most favorable to the State, the evidence before the jury was insufficient to exclude the reasonable hypothesis that he was invited into the residence, and that if intercourse did occur it was consensual. We do not agree that the verdict was based entirely on circumstantial evidence since both the victim and her daughter testified as eyewitnesses to the events.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.] 'And, the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)] "is the proper test for (an appellate court to employ) when the sufficiency of the evidence is challenged. . . ." ' Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that [defendant] was guilty of the offenses charged. *Jackson v. Virginia*, [443 U. S. 307,] supra. . . . Moreover, the basic facts to which the victim and police officer[s] testified are recounted above, and the victim's [and her daughter's] eyewitness testimony provided direct evidence of [defendant's] guilt. [This] contention is without merit." *Horne v. State*, 204 Ga. App. 81, 82-83 (2) (418 SE2d 441) (1992). Accord *Murphy v. State*, 203 Ga. App. 152, 155 (4) (416 SE2d 376) (1992); *Morris v. State*, 202 Ga. App. 673 (415 SE2d 485) (1992).

2. Defendant asserts that his Fifth Amendment rights were violated by the State's commenting on his exercise of those constitutional rights and on his request for advice of counsel. Defendant does not refer to any page of the trial transcript where the alleged infraction transpired, but apparently it occurred when a detective testified

that he had read defendant his *Miranda* warnings before a verbal statement was volunteered to him by defendant, to show that it was freely and voluntarily made. However, when out of the presence of the jury the State sought to offer this testimony, defense counsel was asked if he desired a *Jackson-Denno* hearing before it was gone into and replied: "We have no desire for a Jackson-Denno. He can testify to it." Thus any complaint in this regard has been waived. *Henderson v. State*, 203 Ga. App. 733 (3) (417 SE2d 413) (1992).

3. It was not improper for the jury to disregard defendant's testimony that he was invited into the residence by the victim when that testimony was also used to prove that sexual intercourse had occurred, as he claims. The evidence was in direct conflict as to the mode of defendant's entry and whether there was consensual intercourse or rape. "Even when the defendant is the sole eyewitness, the defendant's explanation may be rejected by the jury where that explanation is inconsistent with other direct and circumstantial evidence. [Cit.]" *Morris*, 202 Ga. App. at 674.

4. Defendant complains for the first time on appeal that the requirements of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) were violated "if" the defense was not furnished with a report from the GBI Crime Lab concerning the fact that the test of the blood found on his trousers was inconclusive and that no spermatozoa were found on the rape kit swab or, that the test results were erroneously not introduced through the serologist who authored the report. The State retorts that it complied with defendant's *Brady* motion by furnishing him with a copy of the Crime Lab report dealing with all evidence sent to it, and that its decision not to call the technicians who conducted the tests to testify was a tactical one. This document is included in the record and, from the phraseology of defendant's enumeration, it is not clear that he did not properly receive it upon demand. Thus, since it does not appear that the State failed to fully comply with the *Brady* motion and these witnesses were known to defendant, who was free to call them to testify if he so chose, we find no error of constitutional magnitude. Moreover, objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. See *Henderson v. State*, 203 Ga. App. at 735 (3).

5. Merely because the testimony of some witnesses was contradictory of others does not cause that which is prejudicial to defendant to be false. "The credibility of the witnesses and the weight to be given their testimony is a question for the jury. [Cit.]" *Ivey v. State*, 203 Ga. App. 886, 887 (2) (418 SE2d 71) (1992). We find no grounds for reversal.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

DECIDED APRIL 19, 1993.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*William O. Cox*, for appellant.

*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.