## A94A0125. GENTRY v. THE STATE.
(443 SE2d 667)

BEASLEY, Presiding Judge.

Appellant was convicted of two counts of child molestation of his two stepchildren. OCGA § 16-6-4.

1. Appellant contends that there was insufficient evidence to convict him. The state presented testimony of the two victims that ap-

pellant had committed the crimes charged. Additionally, the victims' mother, the investigating officer, and a social worker all testified that they had heard the victims state that they had been molested by the appellant; audio tapes of some of these statements were played. The evidence presented at trial was sufficient to authorize his conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court admitted evidence of the results of a penile plethysmograph test performed on the defendant. This procedure involves placing a measuring gauge on a subject's penis, exposing the subject to various visual and aural stimuli, and measuring the change in the circumference of the subject's penis. The procedure measures the physiological change in blood flow. This state has not previously addressed the admissibility of such evidence.

The test for admissibility of novel scientific evidence is "whether the procedure or technique in question has reached a scientific stage of verifiable certainty, or in the words of Professor Irving Younger, whether the procedure 'rests upon the laws of nature.' . . . Once a procedure has been recognized in a substantial number of courts, a trial judge may judicially notice, without receiving evidence, that the procedure has been established with verifiable certainty, or that it rests upon the laws of nature." *Harper v. State*, 249 Ga. 519, 525-526 (1) (292 SE2d 389) (1982).

It appears that those states that have addressed the issue of the admissibility of plethysmograph evidence have rejected the technique, due to its unreliability and lack of verifiable certainty. See *In the Interest of A. V.*, 849 SW2d 393, 399 (Tex. App. 1993) (procedure not shown to be reliable test of sexual deviancy nor to be generally accepted in the scientific community as a valid indicator of sexual disorders); *Nelson v. Jones,* 781 P2d 964, 968 (Alaska 1989) (procedure has "at best, questionable professional recognition"); *Dutchess County Dept. of Social Svcs. v. Mr. G.*, 534 NYS2d 64, 71 (Fam. Ct. 1988) (procedure has "at best, questionable professional recognition," with margin of error too great to forecast child's safety); *People v. John W.*, 229 Cal. Rptr. 783, 785 (Cal. App. 1 Dist. 1986) (procedure did not meet evidentiary standards of reliability of the method and general acceptance in the scientific community).

Testimony at trial revealed that reliability of the technique is by no means established. No scholarly works discussing it were introduced. No national guidelines have been adopted for its use. Given the rejection of penile plethysmograph evidence by other states, and particularly the uncertainty within the scientific community of its reliability, we hold that it is inadmissible in Georgia.

The results of the plethysmograph were used to support the conclusions of a witness that the defendant was not forthcoming in psy-

chological examinations about his sexuality and that he was not normally aroused by adult women. In such circumstances, it cannot be said that admission of the plethysmograph evidence was harmless. A new trial is required.

3. Appellant contends that the court erred in allowing the evidence of a similar transaction to be presented at trial. Because it may be introduced at retrial, the question of its admissibility is not moot.

Appellee contends that the admitted evidence falls into an exception for those occurrences "immediately related in time and place to the charge being tried, as part of a single, continuous transaction." USCR 31.3 (E). The similar transaction occurred in a different county, approximately two years prior to the incident for which the defendant was convicted. The court properly instructed the jury that the appellant could be convicted only of crimes within the compass of the indictment. " 'The rule allowing the admission of similar transaction evidence is usually applied more liberally with evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged. Certain otherwise inexplicable assaults, such as occur in a series of incidents of wife or child abuse, particularly lend themselves to this exception to the "other offenses" rule on questions of both identity and motive.' . . . [Cits.]" *Bailey v. State*, 209 Ga. App. 390, 394 (5) (433 SE2d 610) (1993). The similar transaction evidence admitted properly falls within the exception of USCR 31.3 (E).

4. Appellant also contends that the trial court erred in failing to grant his motion in limine to exclude evidence of a similar transaction. This procedural issue is moot.

5. Finally, appellant contends that out-of-court statements made by the child victims should have been suppressed because of a lack of reliability. OCGA § 24-3-16. In determining whether such statements should be admitted, "the court may consider . . . but [is] not limited to the following: (1) the atmosphere and circumstances under which the statement *was made* (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. [Cits.] These factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate

determination of the existence or absence of the requisite degree of trustworthiness." *Gregg v. State*, 201 Ga. App. 238, 240-241 (3) (b) (411 SE2d 65) (1991). In this case, the court's order denying the motion to suppress makes it clear that these factors were considered and a factual basis for each does appear in the record. This enumeration is without merit.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED APRIL 18, 1994.

*Patrick F. McMahon*, for appellant.

*T. Joseph Campbell, District Attorney, H. Gray Skelton, Jr., Assistant District Attorney*, for appellee.