A95A2413. GARREN v. THE STATE.
(467 SE2d 365)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of seven counts of child molestation (Counts 3, 4, 6, 7, 8, 14 and 15), four counts of aggravated child molestation (Counts 1, 2, 11 and 13), two counts of incest (Counts 9 and 10), and one count of aggravated sodomy (Count 12). The evidence adduced at trial reveals that defendant's stepdaughter is the victim of all but the aggravated sodomy offense. Another child is the victim of the aggravated sodomy.

This appeal followed the denial of defendant's motion for new

trial. *Held*:

1. The trial court did not err in refusing to allow testimony regarding the results of defendant's penile plethysmograph test. *Gentry v. State*, 213 Ga. App. 24, 25 (2) (443 SE2d 667).

2. Defendant contends the trial court erred in refusing to enforce his subpoena for the production of a file relating to an investigation conducted by the Department of Family & Children Services ("DFACS"). Defendant asserts that the DFACS file includes statements that may have been helpful during cross-examination of the State's key witness, his stepdaughter. This contention is without merit.

Although defendant had an opportunity to review the entire DFACS file earlier in the proceedings, he failed to proffer any specific inconsistency which may have cast doubt upon the reliability of his stepdaughter's testimony. See *Gibby v. State*, 213 Ga. App. 20, 23 (4) (443 SE2d 852).

3. Defendant did not object when the trial court excused all but essential personnel from the courtroom during his stepdaughter's testimony. As a result, there is no basis to support his claim that the trial court violated his constitutional right to a public trial. "[O]bjections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. See *Henderson v. State*, 203 Ga. App. [733, 735 (3) (417 SE2d 413)]." *Freeman v. State*, 208 Ga. App. 503, 505 (4) (430 SE2d 867).

4. Defendant contends the trial court erred in admitting evidence of a note (State's Exhibit 13) and a letter (State's Exhibit 14) prepared by the victim, wherein the child documents sexual abuse she was forced to endure.

The record provides no basis for challenging the admission of State's Exhibit 14 as defendant did not complain when the exhibit was offered into evidence at trial. *Freeman v. State*, 208 Ga. App. 503, 505 (4), supra. And given that State's Exhibits 13 and 14 include similar reports of sexual abuse and that State's Exhibit 14 was before the jury without objection, "applying the standard for harmless error set forth in *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), we find it highly probable that [any] error [in admitting State's Exhibit 13] did not contribute to the judgment of conviction. See *Hendrix v. State*, 202 Ga. App. 54, 55 (3) (413 SE2d 232) (1991)." *Parrott v. State*, 206 Ga. App. 829, 835 (5) (c) (427 SE2d 276).

5. Next, defendant contends "[t]he trial court gave an erroneous and confusing charge related to Counts XI, XII, XIII, and XV."

The portion of the charge defendant challenges follows the trial court's reading of the crimes charged in the multi-count indictment and provides as follows: "Now, ladies and gentlemen, I charge you that as to counts — I believe it's 12, 13, 14 and 15 as well as Count 11

are interrelated by the language placed in those charges in this indictment. And you have to refer from one to the other to understand the indictment in its entirety. And I call your attention also to the fact that I previously charged you that the counts that I told you about — and I read those counts and charged you here in this charge — some of them the State must prove an additional element which is not necessary in the others and that's the additional element as to the exact time of day or day in which the matter occurred. That's not true of all the charges, but it's true as to the Court has instructed you which ones — in which ones it is true and which ones it is not true."

Although the above-quoted excerpt from the trial court's charge to the jury may appear confusing, it is not erroneous and provides no basis for reversal. Further, the segment is understandable when read in conjunction with the preceding instructions regarding the similar (but separate) charges of the multi-count indictment. " 'The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same.' (Citations and punctuation omitted.) *Hill v. State*, 205 Ga. App. 475, 476-477 (422 SE2d 564) (1992)." *Fuller v. State*, 211 Ga. App. 104, 105 (5) (438 SE2d 183). As a whole and in context of the trial court's entire charge, we find that the above-quoted segment of the trial court's charge to the jury is not misleading or confusing.

6. Finally, defendant contends the trial court erred in charging the jury as follows: "On the other hand, if you believe from the entire evidence that the defendant is guilty beyond a reasonable doubt, it would be your duty and you would be authorized to convict." Although this instruction has been criticized, it does not constitute reversible error. *Sutton v. State*, 262 Ga. 181 (2) (415 SE2d 627). "Considered in the context of the charge as a whole, the single objectionable phrase did not misdirect the jury concerning their lawful obligations. Accord *Caldwell v. State*, 263 Ga. 560 (7) (436 SE2d 488) (1993)." *Lemay v. State*, 264 Ga. 263, 266 (4) (443 SE2d 274).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 1, 1996.

*J. Converse Bright*, for appellant.

*C. Paul Bowden, District Attorney, Gary C. McCorvey, Assistant District Attorney*, for appellee.