## A00A1594. LEFTWICH v. THE STATE.
### (538 SE2d 779)

MILLER, Judge.

Christopher Allen Leftwich was convicted of molesting his seven-year-old stepdaughter. Following the denial of his motion for new trial, Leftwich filed this appeal. In his sole assertion of error, Leftwich contends that the trial court erred in refusing to permit a defense expert to testify about certain test results obtained during a penile plethysmograph examination. After carefully reviewing the basis for the trial court's evidentiary ruling, we affirm.

The rules governing the admission of scientific evidence were set forth in considerable detail in *Harper v. State*.[1] In its role as gate-keeper, a trial court must decide whether the procedure or technique at issue has reached a scientific stage of verifiable certainty.[2] In making this determination, the trial court may take judicial notice that the scientific procedure has been recognized in other jurisdictions as being established with verifiable certainty.[3] Based on evidence presented to the trial court by the parties including expert testimony, the court may also decide that a procedure or technique has reached a "scientific stage of verifiable certainty."[4] The decision as to whether a procedure has reached the requisite standard of verifiable certainty and scientific reliability is a matter within the discretion of the trial court.[5]

In this case, Leftwich wanted to have his expert, Henry E. Adams, Ph.D., a psychologist specializing in the study of sexual deviance, testify about Leftwich's favorable test result obtained when Dr. Adams conducted testing utilizing a penile plethysmograph. This procedure involves placing a measuring gauge on a subject's penis, exposing the subject to various visual and aural stimuli, then measuring the change in the circumference of the subject's penis.

[1] 249 Ga. 519, 525-526 (1) (292 SE2d 389) (1982).
[2] See *Izer v. State*, 236 Ga. App. 282, 284 (511 SE2d 625) (1999).
[3] *Harper*, supra, 249 Ga. at 526 (1).
[4] Id. at 525 (1).
[5] *Chapel v. State*, 270 Ga. 151, 156 (5) (510 SE2d 802) (1998).

Leftwich wanted to offer testimony that he was not aroused by child pornographic stimuli to create an inference that it was unlikely that he did, in fact, molest his stepdaughter.[6]

The State opposed the admission of this evidence and filed a motion in limine to exclude all reference, argument, or testimony about penile plethysmography testing, procedures, or test results. In its motion, the State pointed out that penile plethysmography evidence has been explicitly and repeatedly found inadmissible in this State and other jurisdictions.[7]

The trial court conducted a lengthy hearing on the issue and refused to permit the evidence. During the hearing, Dr. Adams testified that in his professional opinion, this particular test is the "best psychological measure we have" for identifying pedophiles. Dr. Adams admitted, however, that certain individuals can fake their erectile responses and attempt to circumvent the outcome of the test. He also noted that "when it comes to sex," the whole population of pedophiles is "deceitful."

In this appeal, Leftwich contends that the trial court erred by precluding his expert from testifying about the test results and by refusing to permit his expert to testify that he was not a pedophile.[8] But in 1994 in *Gentry v. State*,[9] this Court noted that the reliability of test results obtained on the penile plethysmograph had not been scientifically established.[10] As the proponent of such evidence, Leftwich bore the burden of establishing the reliability of this particular test by showing that subsequent to the *Gentry* decision, this test had earned acceptance in other jurisdictions or by offering expert testimony to establish the scientific validity and reliability of this procedure.[11] This he failed to do. Nor did Leftwich demonstrate that this form of psychological testing would produce evidence beyond the ken of the average juror and was therefore admissible as expert testimony.[12] For these reasons, the trial court did not err in excluding the evidence.[13]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[6] At trial, Leftwich admitted having improperly touched the child inside her panties. But he claimed that the contact had been unintentional and had occurred while he was asleep in bed with her.

[7] See, e.g., *Gentry v. State*, 213 Ga. App. 24, 25 (2) (443 SE2d 667) (1994).

[8] Cf. *Wright v. State*, 233 Ga. App. 358, 359 (1) (504 SE2d 261) (1998) (a party may not bolster its case as to the ultimate issue with expert testimony when the jury could reach the same conclusion independently).

[9] Supra, 213 Ga. App. at 25 (2).

[10] See id. (admission of results of plethysmograph test was error because reliability of technique not established).

[11] See *Bowen v. State*, 242 Ga. App. 631, 633 (531 SE2d 104) (2000).

[12] *Stowers v. State*, 215 Ga. App. 338, 339 (1) (449 SE2d 690) (1994).

[13] *Garren v. State*, 220 Ga. App. 66, 67 (1) (467 SE2d 365) (1996).

DECIDED AUGUST 28, 2000.

Colin A. Fieman, for appellant.
Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney, for appellee.