A94A2500. HUNT v. THE STATE.
(451 SE2d 797)

BLACKBURN, Judge.

Jeffrey Hunt appeals his conviction by a jury of arson and aggravated assault. On appeal, Hunt contends the trial court erred by denying his motion for mistrial. Hunt asserts a mistrial was required as the prosecuting attorneys at trial were not the same prosecuting attorneys who conducted voir dire.

OCGA § 15-12-133 requires that Hunt be allowed to examine the panel of jurors regarding any matter which would demonstrate any interest of the juror in the case, "including . . . the relationship or acquaintance of the juror with the parties or counsel therefor." Hunt argues that he was not allowed to question the jury panel regarding their relationship to or knowledge of the prosecuting attorneys because the two attorneys who conducted voir dire on behalf of the State were not the attorneys representing the State at the trial of the case several days later.

" 'Although control of voir dire examination is normally within the discretion of the trial court, it has been held that the defendant in a criminal case has an absolute right to have his prospective jurors questioned as to those matters specified in OCGA § 15-12-133.

[Cit.]' " *Legare v. State*, 256 Ga. 302, 303 (348 SE2d 881) (1986). See also *Wallace v. State*, 164 Ga. App. 642 (298 SE2d 627) (1982). In order for such an error to be considered harmless, the State must show that it is "highly probable" that the limitation of voir dire did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Accord *Henderson v. State*, 251 Ga. 398, 403 (306 SE2d 645) (1983); *Legare*, supra at 304.

Hunt was charged with one count of arson in the first degree, one count of aggravated assault against Pam Edwards, and one count of aggravated assault against Sergeant Schafer. The State presented evidence that the fire was intentionally set, and the testimony of two police officers and Hunt's neighbor, each of whom testified that Hunt told them that he had set the house on fire. Sergeant Schafer testified that Hunt approached him at the fire scene and thrust a knife at him which started a struggle between them, in which Sergeant Schafer was cut with the knife. Officer Lackey testified that he assisted Schafer in getting control of Hunt, who was in a "completely uncontrollable state."

Hunt's girl friend, Pam Edwards, testified that she and Hunt had an argument, after which, she left with their small child. She rejected her previous written statement and testified that Hunt did not cut her with a knife. Hunt's neighbor, Edwards, Sergeant Schafer, and Officer Lackey testified that Hunt had been drinking on the morning of the fire.

Hunt admitted that he had been drinking; he testified that he had consumed two shots of gin and two sixteen-ounce Schlitz Malt Liquors. Hunt denied setting the house on fire. He also denied thrusting a knife at Sergeant Schafer; instead, Hunt testified that he was attempting to give the knife to the police officer by handing it to the officer handle first.

The jury found Hunt not guilty of aggravated assault against Pam Edwards, and guilty of arson and aggravated assault against Sergeant Schafer.

Hunt alleges no specific harm resulting from the trial court's ruling. After our review of the record, we conclude that it is highly probable that Hunt's inability to question the jury panel as to its relationship to or knowledge of the prosecutors who tried the case did not contribute to the verdict.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DISMISSED DECEMBER 16, 1994.

*McGee & McGee, Jim B. McGee*, for appellant.
*H. Donnie Dixon, Jr., District Attorney, Kathy L. Register,*

*Assistant District Attorney*, for appellee.