## A00A0735. HILL v. THE STATE.
(533 SE2d 779)

BARNES, Judge.

Alex Andre Hill was convicted of cruelty to children and reckless conduct. The trial court sentenced him to 20 years on the cruelty count, to serve 15, and 12 months on the reckless conduct, to be served concurrently. Hill appeals his conviction of cruelty to children, arguing that the evidence was insufficient. We disagree and affirm.

We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility but only determine if the evidence is sufficient to sustain the convictions. *Taylor v.*

*State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in the light most favorable to the verdict, the evidence established that Hill refused to return his four-year-old son, Jordan, to Jordan's mother after a week of visitation. The mother obtained an arrest warrant and returned to Hill's house with a sheriff. When Jordan was reunited with his mother, he complained that his feet hurt. His mother saw bandages and fluid oozing from under his shoes and socks. Jordan told her he had wet himself and his daddy put him in hot water, an explanation he repeated to the arresting sheriff and to an investigating detective who spoke with Jordan in the hospital.

An emergency room nurse testified that, when she first saw Jordan in the hospital, he was in pain, crying, very upset, and would not let anyone remove his bandages. After receiving intravenous pain-relieving medicine, he calmed enough for the nurse to remove the bandages, which she described as very dirty and unsuitable for burn wounds because they stuck to the injuries and caused additional pain when removed. An examining pediatrician testified that Jordan suffered severe second-degree burns on his feet, ankles, and genital area and that these injuries occurred more than 24 hours before the child came to the hospital.

An investigating detective testified that he measured the water temperature from Hill's tap on two occasions. The first time the hot water measured 135°F, the second time 130 °F. A pediatrician with expertise in children's burns testified that a child would have to be held for thirty seconds in 130° water or for ten seconds in 135° water to cause the burns Jordan suffered. She further testified that these burns could not have been caused by accident, because a normal, ambulatory child of Jordan's age would have pulled away from the water immediately and thus avoided burns of that severity.

Hill testified that he and Jordan had been sleeping when Jordan woke him to say he had wet himself. Hill ran some bath water, put Jordan's clothes into the washing machine, then went back to bed after telling Jordan to get in the tub to wash himself. After dozing off, he heard Jordan crying out for him and ran to the bathroom, where he saw the child standing with one foot in the tub and the other foot on the floor. He saw skin floating in the water and panicked, calling his girlfriend for advice. When asked on cross-examination why he did not take the child to the hospital, he replied:

Well, to tell you the truth because I knew people, they already know me over there. They know my name. And I didn't want to get in no trouble. I had got off of parole for them drugs. I had spent all that time, and I didn't want no trouble. I was trying to get my life right. I was just scared.

Hill was indicted for one count of cruelty to children for burning Jordan with scalding hot water and a second count of cruelty to children for failing to procure proper medical treatment for him. The jury found him guilty of the lesser included crime of reckless conduct on the first count and of cruelty to children on the second count. Hill appeals only the second conviction.

Hill asserts that insufficient evidence supports the cruelty to children conviction for failing to procure medical treatment under OCGA § 16-5-70 (b), which provides: "Any person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain."

More specifically, Hill argues that no evidence showed that he maliciously caused pain to Jordan by not procuring prompt medical treatment, but that he followed the advice given by his girlfriend on how to treat the injuries. He contends the only possible adverse reaction to the delayed treatment was infection, and the examining pediatrician testified that Jordan's wounds were not infected. This argument, however, overlooks the pain Jordan suffered while Hill delayed his medical care because he was afraid that he would get in trouble and the unnecessary pain Jordan suffered because of Hill's improper bandaging of the burns. Further, the argument misconstrues the meaning of "malice" in OCGA § 16-5-70 (b):

> For purposes of this Code section, malice in the legal sense[ ] imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result. Intention may be manifest by the circumstances connected with the perpetration of the offense. Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

(Citation and punctuation omitted.) *Brewton v. State*, 266 Ga. 160, 161 (2) (465 SE2d 668) (1996).

Being afraid because one might get in trouble is neither justification nor excuse for refusing to obtain medical care for one's injured child. Moreover, the jury could infer from Hill's actions in refusing to return Jordan to his mother that he tried to delay discovery of Jordan's burns and that this delay caused increased physical and mental pain to the child. The emergency room nurse testified that Jordan was too upset and in too much pain for her even to remove his

bandages when he was first brought in and that he had to be medicated for pain before his dirty and unsuitable bandages could be removed for treatment.

Accordingly, we conclude that, based upon this evidence, a rational trier of fact could find sufficient malice to find Hill guilty beyond a reasonable doubt of cruelty to children for failing to procure medical treatment for his son. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED APRIL 14, 2000.

*Little, Bates & Kelehear, Sam F. Little,* for appellant.

*Kermit N. McManus, District Attorney, Stephen F. Spencer, Assistant District Attorney,* for appellee.

