## A00A2364. WOLF v. THE STATE.
(540 SE2d 707)

ANDREWS, Presiding Judge.

Lacey Wolf appeals from the judgment entered after a jury convicted her of cruelty to children. Because the record shows that the evidence was sufficient to support the verdict, we affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. Wolf's fiancé, Lamar Poole, was taking care of Wolf's children one Saturday while Wolf was at work. Tammy and James Patterson, relatives of Poole, stopped by to see Poole and noticed Wolf's three-year-old son, Cody, sitting outside. Cody was wearing underwear and a tank top, and the Pattersons could see serious burns on his leg and groin area. The burns were oozing a yellow liquid, and there were flies, bees and gnats buzzing around the open wounds. The Pattersons offered to take Cody to the hospital immediately, but Poole would not let them. He told them they could not take Cody without his mother's permission. Poole said he was scared of the Department of Family & Children Services and did not want to go to the hospital. James Patterson testified that Cody was crying in pain and he called the restaurant where Wolf worked two times and left an emergency message for her to come home and take Cody to the hospital. Wolf never responded. Patterson said that he saw Cody around noon on Saturday and the sores on his leg were the same as they appeared in the pictures taken at the hospital the next day.

The nurse who treated Cody at the hospital said he had "multiple bruises from head to toe," in addition to the burns. The bruises were different colors which showed that they occurred over a period of time. Also, the nurse noted bruises and a burn on the child's scrotum, a hematoma, contusion and numerous other large bruises.

The doctor who first treated Cody at the hospital testified that

his first act after seeing the child was to prescribe a morphine IV because Cody was in so much pain. The doctor stated that it was very unusual to give a three-year-old child morphine, but it was necessary in this case because he was in so much pain. He said that Cody was dirty and disheveled and was crying. The doctor stated that Cody had severe burns on his legs and extensive bruises, some of which looked to be several days old. The doctor also described Wolf's behavior, which he characterized as different from what he would have expected. He said she was very "nonchalant" and did not seem as concerned as most mothers would be in this situation. The doctor noted in his records that Wolf said, "Oh, it's just a burn. He'll be okay" and also that she did not think Cody's injuries were "a big deal" and she just came in to have them looked at and then "just go home." It was not until the doctor began questioning her about the burns and all the bruises that she became upset.

The investigator who was called to the hospital after Cody was admitted, testified that he spoke to Wolf at the hospital and she could give no explanation for Cody's injuries. Wolf told the investigator that Cody complained that his leg hurt during the night sometime between Friday evening and early Saturday morning, but she gave him a drink of water and he went back to bed. She admitted she saw her son on Saturday morning, but said she thought he had fallen and scraped his leg.

1. The evidence was sufficient to convince a rational trier of fact that Wolf was guilty of cruelty to children beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). OCGA § 16-5-70 (b) provides that a person is guilty of cruelty to children when that person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain. Here, contrary to Wolf's argument on appeal, there was direct as well as circumstantial evidence that she failed to seek medical treatment for Cody. The Pattersons testified that the day before Cody was brought to the hospital he was suffering from severe burns that were already infected. Although Wolf claimed that she looked at Cody's leg and it just appeared to be a scrape, the Pattersons both testified that it was obvious to them immediately that Cody was severely burned, was in pain and needed to go to the hospital.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, [supra]. *Howard v. State*, 261 Ga. 251, 252 (403

SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)].

*Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). The jury, assessing the weight of the evidence and the credibility of the witnesses, chose not to believe Wolf's explanation that she was unaware of Cody's injuries until the day she brought him to the hospital. See *Weems v. State*, 267 Ga. 182, 183 (476 SE2d 585) (1996).

2. Likewise, we reject Wolf's claim that there was no showing that she acted maliciously in not getting help for Cody. Wolf's argument misconstrues the meaning of malice in OCGA § 16-5-70 (b).

> For purposes of this Code section, malice in the legal sense imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result. Intention may be manifest by the circumstances connected with the perpetration of the offense. Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

*Hill v. State*, 243 Ga. App. 614, 616 (533 SE2d 779) (2000), quoting *Brewton v. State*, 266 Ga. 160, 161 (2) (465 SE2d 668) (1996). Here, the jury could properly find that Wolf wantonly and wilfully failed to get medical care for Cody and was aware of the harm to Cody as a result of this failure to act. See *Hill*, supra at 616-617. Therefore, there was sufficient evidence of malice for a jury to find Wolf guilty of cruelty to children beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 1, 2000.

*Ann C. Stahl*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.