A05A0880. WITHROW v. THE STATE.
(619 SE2d 714)

MILLER, Judge.

A jury found Dawn Michelle Withrow guilty on three counts of cruelty to children for failing to seek medical care for her seven-month-old daughter. On appeal, she contends that (1) the evidence was insufficient, (2) the trial court improperly restricted voir dire, (3) the trial court erred in its charge on criminal intent, and (4) the trial

court erred by failing to merge the three counts against her for sentencing purposes. We affirm the jury's verdict but vacate the sentence and remand for resentencing.

Viewed in the light most favorable to the verdict, the evidence shows that on November 2, 2002, Withrow's seven-month-old daughter was under the supervision of Withrow's boyfriend, Allen Brady McKee, at their residence. That afternoon, while the baby was seated in her walker, McKee kicked her into a space heater, breaking her arm, scratching her face, and overturning her walker. She and the walker were then lifted up and slammed to the ground, breaking both her legs and causing the walker to collapse and break. McKee did not inform anyone of the incident until Withrow returned to the residence that evening.

Upon her arrival, Withrow noticed the child's facial injuries, her general soreness, and her trouble sleeping. The next day, the child cried all day, especially when her legs were touched. The following evening, Withrow again noticed that the child was whimpering, was having trouble sleeping, and "squealed" when her legs were handled in the course of changing her diapers. Later that night, Withrow and McKee took the child to the hospital, where the baby cried out in pain when the attending nurse moved her legs. Withrow admitted to the nurse that the baby had been responding in that way with her as well.

The jury found Withrow guilty on three counts of child cruelty in the first degree, one for each day she neglected to obtain medical care for her daughter. After refusing a request to merge the three counts, the trial court sentenced her on all of them. Her motion for new trial was denied, and she now appeals.

1. Withrow first contends that the evidence was insufficient to sustain the jury's verdict finding her guilty of three counts of cruelty to children in the first degree. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State,* 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain. OCGA § 16-5-70 (b). For the purposes of this Code section, malice "imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong

likelihood that such harm may result." (Citation omitted.) *Hill v. State*, 243 Ga. App. 614, 616 (533 SE2d 779) (2000).

Here, evidence exists that Withrow knew both the cause of her daughter's injuries and the severity of those injuries, and yet failed to procure medical treatment for nearly three days. Such is sufficient to enable a jury to conclude that she acted wilfully and wantonly, aware of the harm to her daughter that would result from her neglect. *Wolf v. State*, 246 Ga. App. 616, 618 (2) (540 SE2d 707) (2000); see also *Glenn v. State*, 278 Ga. 291, 293-294 (1) (a) (602 SE2d 577) (2004) (intentional and unjustifiable delay in obtaining necessary medical attention for child constitutes "malice" for purposes of the child cruelty statute).

2. Withrow also contends that the trial court improperly restricted voir dire. We disagree.

Generally, defense counsel has

> the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the case, including any opinion as to which party ought to prevail . . . [or] any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action.

OCGA § 15-12-133. However, no question should require a response from a juror which might amount to a prejudgment of the case. *Chancey v. State*, 256 Ga. 415, 423 (3) (349 SE2d 717) (1986).

As Withrow acknowledges, there is not always a clear distinction between questions that ask prospective jurors how they would decide a case "if and when such issues are presented and questions which merely inquire whether they can start the case without bias or prior inclination." (Citation and punctuation omitted.) *Laster v. State*, 276 Ga. 645, 647 (2) (581 SE2d 522) (2003). Consequently, the control of the examination of prospective jurors is vested in the sound discretion of the trial court, and will not be interfered with absent an abuse of that discretion. Id.

Withrow's counsel asked the panel, "Does anybody feel like because of the nature of this case that you're so sensitive of this that you would have a hard time serving on this jury?" Sustaining the State's objection, the trial court reasoned that the question impermissibly asked the potential jurors to prejudge the case. Withrow disagrees, contending that the question posed only sought to determine whether members of the panel harbored any bias based solely on the accusations of child cruelty.

Regardless of the fact that Withrow's counsel was not allowed to ask the question, however, a similar question was previously propounded to the panel by the Assistant District Attorney. See OCGA § 15-12-164 (a) (2). Further, the potential jurors were asked whether any of them had children or grandchildren, whether any member had, past or present, served as foster parents or operated a daycare center, whether any member or family member had worked in law enforcement, and whether any member had received special training with respect to caring for children. Thus the substance of the excluded question was covered by other questions asked to potential jurors. See *Chancey*, supra, 256 Ga. at 424 (3) (A). Even if the question posed by Withrow did not seek a prejudgment of the case, then, its exclusion was not reversible error. Id.

Moreover, two members of the panel voluntarily expressed to the court their reservations concerning personal bias and impartiality based solely on the charges against Withrow. They were subsequently excused for cause. Thus it is highly probable that the limitation upon voir dire did not contribute to the verdict and that no harm occurred to Withrow. *Hunt v. State*, 215 Ga. App. 677, 678 (451 SE2d 797) (1994).

3. Withrow next asserts that the trial court erred in its charge on criminal intent. We disagree.

In her eighth request to charge, Withrow sought the following pattern instruction:

> This defendant will not be presumed to have acted with criminal intent, but you may find such intention (or the absence of it) upon consideration of the words, conduct, demeanor, motive, and other circumstances connected with the act for which the accused is being prosecuted.

Here, the court's instruction was a verbatim recitation but for the omission of the parenthetical "(or the absence of it)." Withrow contends that this omission constitutes reversible error. Other parts of the charge, however, included that it was "solely" within the discretion of the jury to draw or not to draw the inference that Withrow's actions were intentional. Such instructions, taken as a whole, sufficiently informed the jury of their option to find a lack of criminal intent on the part of Withrow. *Bennett v. State*, 265 Ga. 38, 39-40 (2) (453 SE2d 458) (1995); *Dukes v. State*, 224 Ga. App. 305, 311 (6) (480 SE2d 340) (1997); see also *Garren v. State*, 220 Ga. App. 66, 67-68 (5) (467 SE2d 365) (1996).

4. Withrow also contends that the court erred in sentencing her on three counts of child cruelty. We agree.

OCGA § 16-5-70 (b) provides that "[a]ny person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." Withrow was charged and convicted of three counts of cruelty to children, one count for each day she failed to procure medical treatment for her daughter. The question, then, is whether Withrow's continuing neglect — that is, her "caus[ing] . . . excessive physical or mental pain" — can be punished as separate "units of prosecution" under the statute. *State v. Marlowe*, 277 Ga. 383, 383-384 (1) (589 SE2d 69) (2003); see *Sanabria v. United States*, 437 U. S. 54, 69-70 (II) (B) (98 SC 2170, 57 LE2d 43) (1978).

According to the State, the fact that Withrow's neglect spanned three days is sufficient to justify three counts of cruelty to children in the first degree against her, each carrying its own punishment. Without evidence of a legislative intent to allow multiple punishments for the same course of conduct, however, acts that constitute a continuing criminal course of conduct are not punishable separately. *Marlowe*, supra, 277 Ga. at 384-386 (1), (2); *Brown v. Ohio*, 432 U. S. 161, 169-170 (III) (97 SC 2221, 53 LE2d 187) (1977); compare *State v. French*, 79 SW3d 896, 899-900 (Mo. 2002) (provision allowing for temporal units of prosecution constitutes evidence of legislative intent to punish each unit separately). Here, the criminal conduct constituted a single course of conduct spanning three days, not a separate offense for each day. The trial court therefore erred in failing to merge the three counts for sentencing purposes. See *Ratledge v. State*, 253 Ga. App. 5, 7 (3) (557 SE2d 458) (2001) (trial court erred in failing to merge two counts of cruelty to children for sentencing purposes where defendant engaged in single course of conduct against single victim).

Accordingly, we vacate the convictions and sentences and remand the case to the trial court to merge the three counts into one and to resentence on the surviving count. *Ratledge*, supra, 253 Ga. App. at 7 (3).

*Judgment affirmed in part and vacated in part. Case remanded to the trial court for resentencing. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 3, 2005 —
RECONSIDERATION DENIED AUGUST 15, 2005 —

*Clark C. Adams, Jr.*, for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.