## A05A1145. McKEE v. THE STATE.
(621 SE2d 611)

MILLER, Judge.

Following a jury trial, Allen McKee was found guilty on one count of aggravated battery and five counts of cruelty to children. On appeal, he contends that (1) the evidence was insufficient, (2) the trial court improperly restricted voir dire, (3) the trial court erred in its charge on criminal intent, (4) the trial court improperly commented on the credibility of the State's expert witness, and (5) the trial court erred by failing to merge four of the cruelty to children counts against him for sentencing purposes. We affirm the jury's verdict but vacate the sentence and remand for resentencing.

Viewed in the light most favorable to the verdict, the evidence shows that on November 2, 2002, McKee was supervising his girlfriend's seven-month-old daughter at their residence. That afternoon, while the baby was seated in her walker, McKee kicked her into a space heater, breaking her arm, scratching her face, and overturning her walker. McKee then lifted the baby in her walker and slammed her to the ground, breaking both her legs and causing the walker to collapse and break. McKee did not inform anyone of the incident until his girlfriend returned to the residence that evening.

The next day, the child cried all day, especially when her legs were touched. The following evening, McKee's girlfriend noticed that the child was whimpering, was having trouble sleeping, and "squealed" when her legs were handled in the course of changing her diapers. Early the following morning, McKee and his girlfriend took the child to the hospital, where the baby cried out in pain when the attending nurse moved her legs.

The jury found McKee guilty on one count of aggravated battery and five counts of cruelty to children in the first degree (one count of cruelty to children for breaking the infant's arm and legs and four counts representing each day that McKee neglected to obtain medical care for the baby). After refusing a request to merge the counts for each day that McKee failed to seek medical treatment, the trial court sentenced him on all of those counts. His motion for new trial was denied, and he now appeals.

1. McKee first contends that the evidence was insufficient to sustain the jury's verdict finding him guilty of aggravated battery and five counts of cruelty to children in the first degree. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain. OCGA § 16-5-70 (b). For the purposes of this Code section, malice "imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result." (Citation omitted.) *Hill v. State*, 243 Ga. App. 614, 616 (533 SE2d 779) (2000). A person can be found guilty of aggravated battery when he "maliciously causes bodily harm to another . . . by rendering a member of his or her body useless." OCGA § 16-5-24 (a).

Here, evidence exists that McKee kicked and slammed the child, breaking her arm and her legs. He knew the severity of the child's injuries and yet failed to procure medical treatment for the child on the day of the incident and for the following three days. Such is sufficient to enable a jury to conclude that McKee was guilty of the charged offenses. *Wolf v. State*, 246 Ga. App. 616, 618 (2) (540 SE2d 707) (2000); *Glenn v. State*, 278 Ga. 291, 293-294 (1) (a) (602 SE2d 577) (2004) (intentional and unjustifiable delay in obtaining necessary medical attention for child constitutes "malice" for purposes of the child cruelty statute); *King v. State*, 255 Ga. App. 191 (564 SE2d 815) (2002).

2. McKee also contends that the trial court improperly restricted voir dire. We disagree.

Generally, defense counsel has

> the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the case, including any opinion as to which party ought to prevail . . . [or] any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action.

OCGA § 15-12-133. However, no question should require a response from a juror which might amount to a prejudgment of the case. *Chancey v. State*, 256 Ga. 415, 423 (3) (349 SE2d 717) (1986).

There is not always a clear distinction between questions that ask prospective jurors how they would decide a case "if and when such issues are presented and questions which merely inquire whether they can start the case without bias or prior inclination." (Citation and punctuation omitted.) *Laster v. State*, 276 Ga. 645, 647 (2) (581 SE2d 522) (2003). Consequently, the control of the examination of prospective jurors is vested in the sound discretion of the trial court, and will not be interfered with absent an abuse of that discretion. Id.

McKee's counsel asked the panel,

> The next thing I was going to ask is: now, you've heard the charges but you haven't heard anything about the evidence or what the case involves but knowing the charges involved, cruelty to children, does anybody believe that based on the charges that something personal, you — would it allow you to have some difficulty sitting on a jury and judging the facts of the case just based on the charges?

Sustaining the State's objection, the trial court reasoned that the question impermissibly asked the potential jurors to prejudge the case. McKee disagrees, contending that the question posed sought to determine only whether members of the panel harbored any bias based solely on the accusations of child cruelty.

Regardless of the fact that McKee's counsel was not allowed to ask the question, however, a similar question was previously propounded to the panel by the assistant district attorney. See OCGA § 15-12-164 (a) (2). Further, the potential jurors were asked whether any of them had children or grandchildren, whether any member had, in the past or present, served as a foster parent or operated a daycare center, whether any member or family member had worked in law enforcement, and whether any member had received special training with respect to caring for children. Thus the substance of the excluded question was covered by other questions asked to potential jurors. See *Chancey*, supra, 256 Ga. at 424 (3) (A). Even if the question posed by McKee did not seek a prejudgment of the case, its exclusion was not reversible error. Id.

Moreover, two members of the panel voluntarily expressed to the court their reservations concerning personal bias and impartiality based solely on the charges against McKee. They were subsequently excused for cause. Thus it is highly probable that the limitation upon voir dire did not contribute to the verdict and that no harm occurred to McKee. *Hunt v. State*, 215 Ga. App. 677, 678 (451 SE2d 797) (1994).

3. McKee next asserts that the trial court erred in its charge on criminal intent. We disagree.

Based on a pattern jury instruction, the court gave the following charge on criminal intent:

> This defendant will not be presumed to have acted with criminal intent, but you may find such intention upon consideration of the words, conduct, demeanor, motive, and other circumstances connected with the act for which the accused is being prosecuted.

Here, the court's instruction was a verbatim recitation of the pattern instruction but for the omission of the parenthetical "or the absence of it" after the phrase "but you may find such intention." McKee contends that this omission constitutes reversible error. Other parts of the charge, however, included that it was "solely" within the discretion of the jury to draw or not to draw the inference that McKee's actions were intentional. Such instructions, taken as a whole, sufficiently informed the jury of their option to find a lack of criminal intent on the part of McKee. *Bennett v. State*, 265 Ga. 38, 39-40 (2) (453 SE2d 458) (1995); *Dukes v. State*, 224 Ga. App. 305, 311 (6) (480 SE2d 340) (1997); see also *Garren v. State*, 220 Ga. App. 66, 67-68 (5) (467 SE2d 365) (1996).

4. McKee argues that the trial court improperly commented on the credibility of the State's expert witness. Specifically, he contends that the following colloquy between the trial court and the State's expert witness regarding the witness's qualifications added undue weight to the testimony later given by the expert.

> THE COURT: Excuse me. How many people of the type people that you are, experts or educated people are there with the GBI?
>
> THE WITNESS: At the GBI, the GBI itself has ten Medical Examiners. There's seven at the headquarters where I am. Three of us will perform the consults in a child injury case[ ] and *I do the most of those*. In our regional areas where there are five other doctors, about three of those will do evaluations in their area.
>
> THE COURT: But of the three that do the same type of thing you are, you're sort of the God Father, so to speak?
>
> THE WITNESS: Right now *I do most of the cases, yes*.
>
> THE COURT: Okay.

(Emphasis supplied.) McKee contends that the trial court's reference to the proposed expert as the "God Father" of her department was an impermissible comment on the witness's credibility. We disagree.

Pursuant to OCGA § 17-8-57, a judge in a criminal case is prohibited from expressing or intimating his or her opinion as to what has or has not been proved or as to the guilt of the accused. To violate the statute, the comments must focus on a disputed issue of material fact. *Brown v. State*, 251 Ga. App. 343, 345 (2) (554 SE2d 321) (2001). "The purpose of this limitation, in part, is to prevent the jury from being influenced by any disclosure as to the judge's opinion of a witness's credibility. [Cits.]" *O'Hara v. State*, 241 Ga. App. 855, 859 (3) (528 SE2d 296) (2000). Even where, as here, a defendant has not objected to the allegedly improper remarks, an appellate court must nevertheless review the comments for plain legal error. See *Paul v. State*, 272 Ga. 845, 848-849 (3) (537 SE2d 58) (2000). A violation of the statute requires a new trial. OCGA § 17-8-57.

Here, taken in context, the trial court's remark was not made to bolster the witness's credibility. As the witness herself testified, she handled the most child injury cases in her department. The remark referenced only that undisputed fact. In her response to the remark, the expert reiterated that she was the person who handled the most cases in her department. Thus the trial court's remark did not violate OCGA § 17-8-57. See *Jordan v. State*, 259 Ga. App. 551, 553 (578 SE2d 217) (2003) (trial court's "brief, friendly" exchange with witness where judge remarked that witness should have taken judge's prior job offer did not violate OCGA § 17-8-57).

5. McKee also contends that the court erred in sentencing him on the four counts of cruelty to children relating to each day that he failed to seek medical treatment for the injured child. We agree.

OCGA § 16-5-70 (b) provides that "[a]ny person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." McKee was charged with and convicted of four counts of cruelty to children for the four days that he failed to procure medical treatment for the child. The question, then, is whether McKee's continuing neglect — that is, his "causing . . . excessive physical or mental pain" — can be punished as separate "units of prosecution" under the statute. *State v. Marlowe*, 277 Ga. 383, 383-384 (1) (589 SE2d 69) (2003); see *Sanabria v. United States*, 437 U. S. 54, 69-70 (II) (B) (98 SC 2170, 57 LE2d 43) (1978). `

According to the State, the fact that McKee's neglect spanned four days is sufficient to justify four counts of cruelty to children in the first degree against him, each carrying its own punishment. Without evidence of a legislative intent to allow multiple punishments for the same course of conduct, however, acts that constitute a continuing criminal course of conduct are not punishable separately. *Marlowe*, supra, 277 Ga. at 384-386 (1), (2); *Brown v. Ohio*, 432 U. S. 161, 169-170 (III) (97 SC 2221, 53 LE2d 187) (1977); compare *State v.*

*French*, 79 SW3d 896, 899-900 (Mo. 2002) (provision allowing for temporal units of prosecution constitutes evidence of legislative intent to punish each unit separately). Here, the criminal conduct constituted a single course of conduct spanning four days, not a separate offense for each day. The trial court therefore erred in failing to merge the four counts for sentencing purposes. See *Ratledge v. State*, 253 Ga. App. 5, 7 (3) (557 SE2d 458) (2001) (trial court erred in failing to merge two counts of cruelty to children for sentencing purposes where defendant engaged in single course of conduct against single victim).

Accordingly, we vacate the sentences for the cruelty to children counts relating to the four days of failing to seek medical care and remand the case to the trial court to merge the four counts into one and to resentence on the surviving count. *Ratledge*, supra.

*Judgment affirmed in part and vacated in part. Case remanded to the trial court for resentencing. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 28, 2005.

*Mark A. Casto*, for appellant.

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.

