A05A2058. BENTLEY v. THE STATE.
(627 SE2d 61)

ADAMS, Judge.

Vinson Rainier Bentley appeals his conviction of aggravated assault and cruelty to children. In his only enumeration, he contends the trial court erred by refusing to allow the defense to introduce evidence that the victim had threatened to blow up his school with dynamite approximately three months prior to the crimes at issue.

Bentley was charged and convicted for burning his girlfriend's fourteen-year-old child six times with "a hot cigar-like object."[1] On the day of trial, the State moved in limine to preclude Bentley from introducing the bomb threat evidence on the grounds that it was irrelevant evidence of specific bad conduct by the victim and that it should not be used to impeach the victim's character or credibility. Defense counsel responded by asserting that he anticipated the State would be attempting to impeach the victim through the use of prior inconsistent statements, and that as a result the door would be open to other evidence concerning the victim's veracity. Defense counsel also asserted that the bomb threat incident demonstrated the child's vivid imagination. The defense agreed that if the State did not impeach the victim the evidence should not come in. The trial court took the issue under advisement and prohibited the parties from mentioning the incident in opening statements.

The State called the victim as the first witness. When the victim began to deny that anything happened on the night of the alleged crimes, the State impeached the child with prior inconsistent statements that he made to the State's attorney and others. The defense then attempted to introduce the bomb threat evidence, but the court ruled that it was inadmissible. The defense tried again after the school principal testified that the victim "was usually honest when he spoke to us," did not have a "vivid imagination," and was not known to exaggerate. The defense argued that this testimony opened the door, but the trial court denied the request. The defense made a proffer of the excluded testimony and evidence.

"[A] victim's character is rarely relevant for any purpose in a criminal trial. *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999). See also OCGA § 24-2-2." *Allen v. State*, 275 Ga. 64, 68 (3) (561 SE2d 397) (2002). "While a defendant is entitled to effective cross-examination, he is not entitled to unfettered cross-examination, and the trial court has broad discretion in limiting its scope." Id. Furthermore, "[i]nstances of specific misconduct may not be used to impeach a witness'[s] character or veracity unless the misconduct has resulted in the conviction of a crime involving moral turpitude. . . ." *Williams v. State*, 251 Ga. 749, 799 (312 SE2d 40) (1983). It is undisputed that the bomb threat incident did not result in a conviction.

Bentley contends the evidence should be allowed because the State opened the door to such testimony when it impeached the witness with his own prior inconsistent statements and elicited the school principal's testimony about the victim. But we believe that making a bomb threat does not unambiguously reflect on the child's

---

[1] The victim's mother was also convicted but is not a party to this appeal.

credibility, honesty, or imagination. The fact that the principal did not report the bomb threat to authorities likewise is not necessarily a reflection on the child's credibility. Also, although a witness may be impeached by disproving the facts testified to by him, the bomb threat evidence was not related to any of the victim's testimony and was not material to the issues on trial. Compare *Krebsbach v. State*, 209 Ga. App. 474, 474-475 (1) (433 SE2d 649) (1993) (prior convictions refuted facts presented in witness's testimony). We find no abuse of the court's discretion for any of the reasons advanced. See *Al-Amin v. State*, 278 Ga. 74, 84 (14) (597 SE2d 332) (2004). See also *Jones v. State*, 226 Ga. App. 420, 422 (1) (487 SE2d 56) (1997) (victim's school and other records inadmissible to attack victim's credibility); *Lively v. State*, 157 Ga. App. 419 (278 SE2d 67) (1981) (record of victim's school disciplinary problems irrelevant to any issue in child molestation case).

*Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989), is not applicable because the trial court in the present case did not exclude any evidence that the victim made prior false accusations of sexual misconduct against persons other than the accused.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 20, 2006 —

*Steven A. Cook*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Ann B. Harris, Assistant District Attorneys*, for appellee.