## A08A0829. FREEMAN v. THE STATE.
(667 SE2d 652)

RUFFIN, Presiding Judge.

Following a jury trial, Tina Freeman was convicted of child cruelty for causing her son, L. A., cruel and excessive pain by failing to seek medical attention for the child and instructing him to conceal the cause of his injuries. She appeals, challenging the sufficiency of the evidence and alleging that the trial court erred in excluding certain evidence. We affirm, for reasons that follow.

Viewed in a light favorable to the verdict,[1] the evidence shows that in August 2001, middle school counselor Kay Clark and campus police officer Mike Young observed several circular marks on the arms and hands of L. A., an eighth grade special education student. L. A. initially stated that the marks were cuts that he sustained while water-skiing and bug bites. However, based on the appearance of the wounds, both Clark and Young believed that the marks were burns.

Clark and Young spoke to L. A. again the following day, and he repeated that the marks on his hands and arms were cuts and insect

[1] See *Williams v. State*, 268 Ga. App. 384 (1) (601 SE2d 833) (2004).

bites. After further questioning, L. A. stated that approximately one week earlier, his mother's boyfriend, Vinson Bentley, began drinking heavily. L. A., Freeman, his two siblings, and Bentley's son left home and went to a neighboring trailer. L. A. stated that he later climbed back into his home through a window in order to retrieve a bottle for his youngest sibling. As he was leaving, Bentley grabbed L. A., yelled at him, and burned him with a lit cigar.

The school principal, Lisa Williams, also examined L. A.'s injuries and spoke to him about the marks. Although L. A. initially indicated that the wounds were cuts from glass that he received while water-skiing, he ultimately admitted that Bentley had burned him with a cigar.

The school notified the local police, who took L. A. to the emergency room. The child advised Acworth Police Officer Mark Stewart and Cobb County Assistant District Attorney Susan Winningham that Bentley had burned him with a cigar. L. A. told Officer Stewart, Officer Young, Winningham, Williams, and Clark that his mother had instructed him to say that his wounds were cuts and/or insect bites.

The State charged Freeman with cruelty to children, alleging that she caused L. A. physical and mental pain by failing to seek medical treatment for his injuries and by instructing him to misrepresent and conceal the cause of his injuries.[2] At trial, L. A. recanted his statements to Clark, Young, Williams, and Stewart, instead testifying that the marks on his arms and hands were "some kind of scratches or mosquito bites or spider bites."[3]

The emergency room pediatrician who examined and treated L. A. testified that the child had multiple circular wounds, some of which were scabs and others which had peeling or "weepy" skin. The doctor testified that they were consistent with second-degree burns, which are "awfully painful" and usually result in redness, blisters, and peeling skin. At the conclusion of the trial, the jury found Freeman guilty of child cruelty.

1. Freeman contends that the evidence was insufficient to support her conviction because the victim gave inconsistent statements, Freeman and the child's grandmother contradicted L. A.'s statements, and "the evidence left the reasonable alternative that the injuries could have been self-inflicted or caused by impetigo."

---

[2] The State charged Bentley with aggravated assault and cruelty to children. Bentley was tried with Freeman, and the jury found him guilty on both counts. This Court affirmed his conviction in *Bentley v. State*, 277 Ga. App. 483 (627 SE2d 61) (2006).

[3] At trial, L. A. initially denied telling anyone that Bentley burned him or that Freeman told him to say they were insect bites. He thereafter conceded that he told the police and the district attorney's office that Bentley burned him.

Under OCGA § 16-5-70 (b), "[a] person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." The failure to procure proper medical attention for a child's injuries constitutes sufficient proof of cruelty to children.[4]

Moreover, "it is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses, and the presence of such conflicts does not render the evidence insufficient."[5] This applies

> even in cases in which the victim recants [his] previous accusation against the defendant. The reason for this rule is that a victim's prior inconsistent statements are admissible as substantive evidence for the jury's consideration. Thus, a jury is authorized to believe the victim's pre-trial statements rather than [his] in-court disavowal.[6]

Here, the evidence presented authorized the jury to conclude that Freeman was guilty of child cruelty.[7]

2. Freeman also contends that the trial court erred in excluding evidence that L. A. threatened to blow up his school approximately three months before the crime alleged. According to Freeman, such evidence was admissible to impeach L. A.'s veracity and to contradict the principal's testimony that the child "had a history of being honest with the school."

Freeman's boyfriend, Bentley, raised this precise issue in his appeal.[8] We rejected his arguments, affirming the trial court's exclusion of the evidence regarding the bomb threat.[9] Consistent with the controlling authority of the *Bentley* decision, we find no abuse of discretion in the trial court's exclusion of this evidence.[10]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED SEPTEMBER 4, 2008.

*Roderick H. Martin*, for appellant.

---

[4] See *Gore v. State*, 277 Ga. App. 635, 636-637 (1) (627 SE2d 198) (2006); *Wolf v. State*, 246 Ga. App. 616, 617-618 (1) (540 SE2d 707) (2000); *Hill v. State*, 243 Ga. App. 614, 616 (533 SE2d 779) (2000).

[5] *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006). See also *Chalker v. State*, 281 Ga. App. 305, 307-308 (635 SE2d 890) (2006).

[6] *Miller v. State*, 292 Ga. App. 636, 640 (2) (665 SE2d 692) (2008).

[7] See *Gore*, supra.

[8] Freeman did not refer to the *Bentley* decision in her brief. Given that Freeman and Bentley were tried together, we find this omission particularly troubling.

[9] See *Bentley*, supra at 484-485.

[10] See id.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.