### A10A1359. WARD v. THE STATE.
(701 SE2d 900)

ELLINGTON, Judge.

A Columbia County jury found Michael Ward guilty beyond a reasonable doubt of possession of a firearm by a convicted felon, OCGA § 16-11-131. He appeals from the denial of his motion for a new trial, contending that the trial court erred in "complimenting"

---

a witness for the State following the witness' testimony. For the following reasons, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows the following relevant facts. At approximately 10:00 p.m. on July 23, 2005, a man and his girlfriend noticed that a red car had pulled into the yard of their home in Appling. Two men, Tommy Reynolds and Zacharriah Carter, got out of the car, walked into the man's house, and attempted to rob him at gunpoint. The man struggled with the robbers and then ran outside. After the robbers followed and confronted the man again, they ran into the woods, where they were arrested a few hours later.

While the armed robbery and the resulting struggle were taking place inside the house, the man and other witnesses saw the red car back up and drive away. Two witnesses got into their car, followed the red car as it drove toward Appling, and called the Columbia County Sheriff's Office. The witnesses followed the car until a police officer intercepted and took over the chase. The officer activated his blue lights and stopped the car at 10:13 p.m. beside a private driveway on Appling-Harlem Road, near the Harlem-Wrens mileage post. The officer ordered the two occupants out of the car, patted them down, and handcuffed them. Tavares Freeman was the driver of the car and Ward was the passenger.

At Ward's trial, one of the armed robbers, Carter, testified that, on the day of the robbery, Ward came by his house and picked him up in a red Pontiac Grand Am. Ward then picked up Freeman and Reynolds and drove to the man's house. When he was arrested hours later, Carter told an investigator that Ward gave Reynolds a handgun before the robbery.[2] Carter also told the prosecutor before trial that he saw Ward with another handgun, an old revolver, before the robbery.

The State also presented the testimony of Griffin "Jake" Pollard, who testified that he lived in a house on Appling-Harlem Road. According to Pollard, on July 27, 2005, he was cutting the grass on the right-of-way beside Appling-Harlem Road when he found a pistol in the grass. The specific area where Pollard found the pistol was the same place as where the traffic stop involving Ward had occurred four days earlier. Pollard called the sheriff's office, and an officer retrieved the weapon, which was loaded. The officer identified State's Exhibit 28 as the revolver he recovered pursuant to Pollard's call. According to the officer, he checked the serial numbers of the weapon and discovered that it had been stolen in a burglary in another county about two years earlier.

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[2] A tape of the investigator's interview with Carter was played for the jury.

In addition to this evidence, the parties agreed to a stipulation that Ward was a convicted felon, and the court apprised the jury of that fact.

On appeal, Ward contends that the trial judge violated OCGA § 17-8-57 when he "complimented" a witness for the State, Pollard, and that such violation constituted plain error entitling him to a new trial. Under OCGA § 17-8-57, "[i]t is error for any judge in any criminal case, during its progress or in his [or her] charge to the jury, to express or intimate his [or her] opinion as to what has or has not been proved or as to the guilt of the accused."[3] "To violate the statute, the comments must focus on a disputed issue of material fact. The purpose of this limitation, in part, is to prevent the jury from being influenced by any disclosure as to the judge's opinion of a witness's credibility." (Citations and punctuation omitted.) *McKee v. State*, 275 Ga. App. 646, 650 (4) (621 SE2d 611) (2005).

The record shows that, as Pollard was leaving the stand after testifying, he spontaneously said to the judge, "May I shake your hand and thank you for the courtesy?" The judge responded, "Thank you, it's always a pleasure to have you." After Pollard thanked the judge again, the judge said, "All right. Members of the jury, you may or may not know Mr. Pollard, a longtime resident of Columbia County and public servant."[4] Defense counsel did not object to the judge's comments or move for a mistrial.[5]

Subsequently, in his order denying Ward's motion for a new trial, the judge explained that the comment concerning Pollard's public service was simply an attempt to explain Pollard's request to shake hands and ruled that his comments did not constitute error. The judge also noted that Pollard's trial testimony was limited to his having found a handgun on his property.

As shown above, Ward's trial counsel failed to object to the judge's comments or to request a mistrial. Even so, Ward is entitled to a new trial if the judge's comments violated OCGA § 17-8-57,

---

[3] OCGA § 17-8-57 further provides that, "[s]hould any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give."

[4] Apparently, Pollard had previously served as a Georgia, State Senator representing District 24, which included Columbia County.

[5] The record also shows that, during the jury instructions, the judge charged the jury that, "by no ruling or comment that the Court has made during the progress of the trial has the Court intended to express any opinion upon the facts of this case, upon the credibility of the witnesses, upon the evidence, or upon the guilt or innocence of the defendant" and that they alone were responsible for determining the credibility of the witnesses. But see *Patel v. State*, 282 Ga. 412, 415 (2) (651 SE2d 55) (2007) (emphasizing that instructions given to the jury by the trial court cannot cure an actual violation of OCGA § 17-8-57).

because such a violation always constitutes plain error as a matter of law.[6] *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010).

In view of the limited nature of Pollard's testimony when compared to the rest of the evidence presented, the circumstances surrounding the judge's comments, the brevity of the judge's comments, and the fact that those comments in no way concerned the facts of this case, we conclude that the judge's spontaneous comments, when viewed in context, did not constitute an impermissible expression of his opinion regarding the evidence presented or Ward's guilt in violation of OCGA § 17-8-57. See *McKee v. State*, 275 Ga. App. at 649-650 (4) (judge's reference to an expert witness from the Georgia Bureau of Investigation as the "God Father" of her department, when considered in context, did not violate OCGA § 17-8-57). Therefore, the trial court did not err in denying Ward's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 30, 2010.

*Jason R. Hasty*, for appellant.
*Ashley Wright, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

---

[6] See *Paul v. State*, 272 Ga. 845, 849 (3) (537 SE2d 58) (2000) (restricting the application of the plain error rule to death penalty cases and to other criminal cases when the trial court violates OCGA § 17-8-57).