# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2013

No. 11-51139

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEODEGARIO RESENDIZ-MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, JONES, and SMITH, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Leodegario Resendiz-Moreno ("Resendiz-Moreno") appeals his sentence imposed by the district court after pleading guilty to illegal reentry into the United States. He contends the district court erroneously enhanced his sentence based on his conviction under Georgia Code § 16-5-70(b), which the court concluded was a crime of violence. Because the statute under which Resendiz-Moreno was convicted does not require a showing of physical force, we VACATE the sentence and REMAND for resentencing.

No. 11-51139

## I.

In 2011, Resendiz-Moreno pleaded guilty to one charge of illegal reentry into the United States. Resendiz-Moreno's sentencing range was subsequently calculated on the basis of a total offense level of 21. This offense level included a 16-level upward adjustment based upon the judge's determination that Resendiz-Moreno's prior Georgia conviction for first-degree cruelty to children constituted a crime of violence.

## II.

We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Bonilla*, 524 F.3d 647, 651 (5th Cir. 2008).

## III.

Resendiz-Moreno's only argument on appeal is that the district court erred in its determination that his prior cruelty to children conviction was a crime of violence.

United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii) permits a 16-level upward adjustment to a defendant's offense level "[i]f the defendant previously was deported . . . after a conviction for a felony that is . . . a crime of violence." "Crimes of violence" include certain enumerated offenses as well as offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Calderon-Pena*, 383 F.3d 254, 256 (5th Cir. 2004) (en banc) (quoting U.S.S.G. § 2L1.2 cmt. n.1(B)(ii)).

To determine whether a defendant's prior conviction qualifies as a crime of violence, we "look[] to the *elements* of the crime." *Id*. at 257. "The elements of an offense of course come from the statute of conviction." *Id*. In this case, the crime of violence upon which Resendiz-Moreno's sentencing enhancement was predicated was the Georgia crime of first-degree cruelty to children. The Georgia statute of conviction provides, "Any person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under

2

No. 11-51139

the age of 18 cruel or excessive physical or mental pain." GA. CODE ANN. § 16-5-70(b) (2010). As interpreted by Georgia courts, the crime of first-degree child cruelty thus requires proof of the following elements: (1) the minority of the child, (2) the child suffers mental or physical pain, (3) the pain was cruel or excessive, (4) the defendant caused the pain, (5) and malice. *Brewton v. State*, 465 S.E.2d 668, 669 (Ga. 1996).

"If any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element—implicit or explicit—of the crime." *United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004) (en banc). In the instant case, the language of the statute makes clear that "the use, attempted use, or threatened use of physical force" is not necessary to commit the crime. Specifically, a person can commit first-degree child cruelty and maliciously inflict excessive pain upon a child by depriving the child of medicine or by some other act of omission that does not involve the use of physical force.[1] Indeed, Georgia courts have repeatedly recognized such forms of cruelty as violations of this very statute. *See, e.g.*, *Garrett v. State*, 685 S.E.2d 355, 359 (Ga. Ct. App. 2009) ("[T]he evidence supports [defendant's] conviction of first degree cruelty to children for failure to seek medical attention."); *Freeman v. State*, 667 S.E.2d 652, 654 (Ga. Ct. App. 2008) ("The failure to procure proper medical attention for a child's injuries constitutes sufficient proof of cruelty to children.").

The government nonetheless asserts that § 16-5-70 is a disjunctive statute which permits reference to the indictment to determine whether the statute was

---

[1] *See United States v. Andino-Ortega*, 608 F.3d 305, 311 (5th Cir. 2010) (finding that Texas child endangerment statute could be violated "without the use of physical force by putting poison or another harmful substance in a child's food or drink.").

3

*actually* violated in a way which involved the use of physical force.[2] Under the "modified categorical approach" employed by this Court, if a statute defines multiple crimes or contains disjunctive elements, a limited inquiry into the charging documents is permitted to determine which statutory variant of the crime was committed. *See Perez-Munoz v. Keisler*, 507 F.3d 357, 361 (5th Cir. 2007). The government contends that § 16-5-70(b) is disjunctive because it may be violated by causing physical pain *or* mental pain. However, even if we were to read § 16-5-70(b) as disjunctive in that sense, a person can still violate the statute by inflicting physical or mental pain without the use of physical force. Because § 16-5-70(b) does not describe an offense—disjunctively or otherwise—which *requires* the use of physical force, there is no basis for inquiring into the charging documents.

Moreover, any argument that we may use facts alleged in the charging documents where the statute does not contain divisible crimes or disjunctive elements is foreclosed by our en banc decision in *Calderon-Pena*. 383 F.3d at 257–60. In that case, this Court considered whether a defendant's prior conviction under Texas's child endangerment statute qualified as a crime of violence under the Sentencing Guidelines.[3] *Id.* Just like the instant case, the relevant inquiry was whether the prior conviction was a crime of violence that required the use, attempted use or threatened use of physical force. *See id.* The

---

[2] Resendiz-Moreno's indictment indicates that his conviction was due to the use of physical force which would otherwise qualify his conduct as a crime of violence: "[Defendant] did unlawfully . . . MALICIOUSLY CAUSE JULIAN RESENDIZ, A CHILD UNDER THE AGE OF 18, CRUEL PHYSICAL AND MENTAL PAIN BY PLACING THE HAND OVER THE FACE OF SAID CHILD AND SQUEEZING, THEN STRIKING THE CHILD WITH THE ACCUSED'S HAND CAUSING MARKS, BRUISING AND A CUT TO THE FACIAL AREA."

[3] The Texas statute of conviction provided, "A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment." TEX. PEN. CODE ANN. § 22.041(c).

No. 11-51139

Court first emphasized that this inquiry "looks to the *elements* of the crime, not to the defendant's actual conduct in committing it." *Id.* at 257. Turning to the Texas statute of conviction, we held that even when a statute defines a crime disjunctively, if none of the described offenses requires the use, attempted use, or threatened use of force, inquiry into the underlying facts or charging documents is not permitted.[4] *Id.* at 258 (citing *Taylor v. United States*, 495 U.S. 575, 578 (1990)). Based on the language of the statute, we concluded: "As a matter of simple logic, the endangerment offense can—but need not—involve the application of physical force to the child's person." *Id.* at 260.

GA. CODE ANN. § 16-5-70(b) is indistinguishable in this respect from the Texas statute we considered in *Calderon-Pena. See Andino-Ortega*, 608 F.3d at 311. We are thus precluded from considering the facts alleged in the charging documents to determine whether Resendiz-Moreno actually used force and committed a crime of violence. Any sentencing enhancement relying on such an inquiry is improper.

IV.

For the reasons stated above, we VACATE the sentence imposed by the district court and REMAND for resentencing.

---

[4] Our caselaw is admittedly not in complete harmony on this point. We have previously issued an unpublished opinion that can be read as permitting reference to the charging document in other circumstances. *See United States v. Arellano-Ramirez*, 61 F. App'x 119 (5th Cir. 2003). However, we are bound by our en banc opinion in *Calderon-Pena* and therefore follow the rule we established in that case.

No. 11-51139

EDITH H. JONES, Circuit Judge, concurring:

Judge Davis's opinion sets forth Fifth Circuit law correctly in this case, and I must concur. But it is hard to see how this defendant's sentence, based on the lower guidelines range that will be required, fulfills the purposes of criminal sentencing. He does not deny that his Georgia crime of maliciously causing extreme physical pain to a child was based on an incident in which he squeezed a three year old's face, then struck the child with his hand, causing marks, bruising and a facial cut. If this isn't a crime of violence, what is? Moreover, this defendant's crime "had as an element the threatened use of physical force" against the victim. Otherwise, he could not have been convicted for what he did.

We are hamstrung, however, by the way in which our court has applied the "modified categorical approach," an approach adopted by the U.S. Supreme Court to interpret federal criminal statutes, not the sentencing guidelines. Without reiterating all that law, the pertinent parts of which are summarized by Judge Davis's opinion, we may not rely on the uncontested description of the defendant's conduct from the PSR because we lack the appropriate *Shepard* documentation. We may not disentangle the broad language of the Georgia statute to demonstrate that while force need not be used to commit the crime there described, it was in fact used brutally here, and Resendiz-Moreno could not have pleaded guilty to a felony violation except on the basis I have stated. In sum, we are blinkered against the reality of this defendant's prior conviction, and he receives an unjust windfall in his sentence.

If we were to start over, I would advocate the position recently adopted by the Ninth Circuit en banc and by Judge Niemeyer in regard to these sentencing issues. *See United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc); *United States v. Gomez*, 690 F.3d 194, 203-15 (4th Cir. 2012) (Niemeyer, J., dissenting). This position would authorize more liberal use of

6

No. 11-51139

*Shepard*-compliant documents to "pare down" an indictment or plea document to the facts that necessarily undergird the defendant's prior conviction. The basis for this position is, in sum, that the Supreme Court has never excluded this possibility; that the goals and procedures of sentencing under the guidelines are different from the interpretation of federal criminal liability in the first instance; and that preventing "mini-trials" and unfairness to defendants is minimized by this method. Other circuits currently apply this more realistic approach. *See, e.g.*, *United States v. Ventura-Perez*, 666 F.3d 670 (10th Cir. 2012); *United States v. Armstead*, 467 F.3d 934 (6th Cir. 2006).

Candidly, even under the position I support, Resendiz-Moreno might avoid an enhancement unless the government could adduce the appropriate *Shepard* documents. But in many of the numerous cases we decide, such documents exist, and we are prevented by our law from relying on them.

Given the split among the circuits on this issue, perhaps the Supreme Court will step in.